UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FAY PANG, BRENT SINGLE and RANDY WEBSTER,
Individually, On Behalf of All Others Similarly Situated
and as Class Representatives,

                                         Plaintiffs,

07 CIV 8557

**COMPLAINT**

___ Civ. ___ ( ) ( )

              -against-

PITNEY BOWES, INC.

                                           Defendant
-----------------------------------------------------------------X

**PLAINTIFFS DEMAND A TRIAL BY JURY**

**ECF CASE**

Plaintiffs Fay Pang ("Pang" or "plaintiff Pang"), Brent Single ("Single" or "plaintiff Single") and Randy Webster ("Webster" or "plaintiff Webster") on behalf of themselves and all others similarly situated, by their attorneys, Lipman & Plesur, LLP, complain of defendant Pitney Bowes, Inc. ("Pitney Bowes" or "defendant"), as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs complain on behalf of themselves, and other similarly situated current and former employees of defendant who worked in New York as Field Product Specialists, Customer Service Representatives and possibly other titles or in a similarly situated capacity (herein referred to collectively as "Technicians"), who may elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), that they are (i) owed back wages from defendant for overtime work for which they did not receive any overtime premium pay, and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as the "FLSA").

2. Plaintiffs further complain on behalf of themselves, and a putative class of

other similarly situated current and former employees of defendant who worked in New York as Technicians pursuant to Fed. R. Civ. Proc. 23, that they (i) are owed back wages from defendant for overtime work for which they did not receive any overtime premium pay; and/or (ii) are owed back wages from defendant for work for which they did not receive any straight pay under the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.* (hereinafter referred to as the "NYLL").

## JURISDICTION AND VENUE

3.  Plaintiffs invoke the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and the supplemental jurisdiction statute, 28 U.S.C. § 1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4.  The venue of this action is proper because a substantial part of the events or omissions giving rise to the claims occurred within, and defendant maintains an office within, the Southern District of New York.

## PARTIES

5.  Plaintiffs and their similarly situated co-workers were employed by defendant in New York and held positions as Technicians.

6.  At all times relevant, plaintiffs were covered by the FLSA and the NYLL.

7.  Upon information and belief, defendant Pitney Bowes is a foreign corporation that, *inter alia*, services business equipment such as postage machines and mailing equipment.

8. At all relevant times, defendant affected commerce within the meaning of 29 U.S.C. § 203(b).

9. The named plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated who may opt into this action under the FLSA are those who are and/or were employed in New York as Technicians or in a similarly situated capacity for defendant at any time after October 5, 2004.

## CLASS ALLEGATIONS

10. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure.

11. Plaintiffs bring this Class action on behalf of all persons employed by defendant in New York as Technicians who: (a) were not paid overtime premium pay for all hours worked in excess of 40 per workweek; and/or (b) were not compensated for all hours worked, at any time after October 5, 2001 to the present (the "class period").

12. The employees in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of defendant, upon information and belief, there are believed to be at least 40 members of the Class during the class period. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the Class.

13. The representative parties will fairly and adequately protect the interests of the Class. A class action is superior to other available methods for the fair and efficient adjudication

of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

14. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including:

    (a) whether defendant failed and/or refused to compensate plaintiffs for all hours worked within the meaning of the NYLL; and,

    (b) whether defendant failed and/or refused to pay plaintiffs premium pay for hours worked in excess of 40 per workweek within the meaning of the NYLL.

## FACTS

15. Plaintiffs were paid on an hourly basis.

16. Plaintiffs and their similarly situated co-workers were not compensated for all hours worked.

17. Plaintiffs and their similarly situated co-workers regularly worked in excess of 40 hours in the workweek. However, plaintiffs and their co-workers were not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

18. For example, pursuant to defendant's policies and practices, plaintiffs were not compensated and/or paid premium pay for certain meetings, work time improperly designated as non-compensable lunch hours and/or breaks, all time worked after 5:00 p.m., time spent "closing out" jobs on handheld computers and time spent to obtain and/or maintain various certifications required for their job.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 18 of this Complaint.

20. Although plaintiffs and their similarly situated co-workers worked over 40 hours in a workweek, they were not paid overtime premium pay for all the hours worked in excess of 40 hours in a workweek.

21. Plaintiffs and their similarly situated co-workers employed by defendant in New York who elect to opt into this action are entitled to one and one-half of their regular rates of pay for all hours worked in excess of 40 hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C.§§ 201 *et seq*.

## AS AND FOR A SECOND CAUSE OF ACTION

22. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 21 of this Complaint.

23. The failure of defendant to properly compensate plaintiffs and their similarly situated co-workers for overtime work as required by the Fair Labor Standards Act was wilful.

## AS AND FOR A THIRD CAUSE OF ACTION

24. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 23 of this Complaint.

25. Plaintiffs and the putative class members have not been paid overtime premium pay for all work hours under the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New

York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.*

## AS AND FOR A FOURTH CAUSE OF ACTION

26.     Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 25 of this Complaint.

27.     Plaintiffs and the putative class members have not been compensated for all work hours under the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs and the Class respectfully request that this Court grant the following relief:

A.     Certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.     Declare defendant's conduct complained of herein to be in violation of the plaintiffs and the Class's rights as secured by the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142 and the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.* and the New York Labor Law §§ 190 *et seq.*;

C.     Direct defendant to compensate the plaintiffs for all hours worked;

D.     Direct defendant to pay overtime premium pay to plaintiffs;

E.     Direct defendant to pay plaintiffs additional amounts as liquidated damages because of defendants' willful failure to pay overtime pay pursuant to 29 U.S.C. § 216;

F.     Award plaintiffs pre-judgment interest;

G. Award plaintiffs the costs of this action together with reasonable attorneys' fees;

H. Grant such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Jericho, New York
October 1, 2007

Respectfully submitted,

By: _____
Robert D. Lipman (RL 3564)
David A. Robins (DR 5558)
Lisa R. Lipman (LL 6284)
Lipman & Plesur, LLP
The Jericho Atrium
500 N. Broadway
Suite 105
Jericho, NY 11753-2131
516-931-0050