LORIE E. ALMON, ESQ. (LA-4937)
PETER A. WALKER, ESQ. (PW-7984)
CHRISTOPHER H. LOWE, ESQ. (CL-0218)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York  10018-1405
Tel.: (212) 218-5500
Fax: (212) 218-5526

*Attorneys for Defendant Pitney Bowes, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAY PANG, BRENT SINGLE and RANDY WEBSTER, Individually, On Behalf of All Others Similarly Situated and as Class Representatives, | : **ECF Case** : : CIVIL ACTION NO.: 07-CV-8557 (RJH) |
| Plaintiffs, | |
| -against- | |
| PITNEY BOWES, INC., | |
| Defendant. | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Pitney Bowes, Inc. ("Defendant" or "Pitney Bowes"), by and through its attorneys, Seyfarth Shaw LLP, as and for its Answer to the Complaint of Plaintiffs Fay Pang ("Pang"), Brent Single ("Single"), and Randy Webster ("Webster") (collectively, "Plaintiffs"), as purportedly asserted on behalf of themselves and all others similarly situated, alleges and states as follows:

**COMPLAINT**

The preamble to the Complaint is a conclusory Paragraph to which no response is required. To the extent a response is required, Pitney Bowes denies the allegations in the preamble.

**PRELIMINARY STATEMENT**

1. Paragraph 1 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Pitney Bowes denies the allegations in paragraph 1 of the Complaint, except admits that Plaintiffs purport to "complain" on behalf of certain individuals who are not proper parties to this action. Pitney Bowes denies knowledge or information sufficient to form a belief that other persons are joining or intend to join this action and as to the allegations relating to allegedly "similarly situated" current and former employees of Pitney Bowes, and further deny that a class or collective action is appropriate in this case. Pitney Bowes further avers that it has not violated any provisions of any of the laws or regulations cited in the Complaint.

2. Paragraph 2 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Pitney Bowes denies the allegations in paragraph 2 of the Complaint, except admits that Plaintiffs purport to "complain" on behalf of certain individuals who are not parties to this action. Pitney Bowes denies knowledge or information sufficient to form a belief that other persons are joining or intend to join this action and as to the allegations relating to allegedly "similarly situated" current and former employees of Pitney Bowes, and further deny that a class or collective action is appropriate in this case. Pitney Bowes further avers that it has not violated any provisions of any of the laws or regulations cited in the Complaint.

NY1 26488253.1

3. Paragraph 3 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Pitney Bowes admits that Plaintiffs purport to assert claims over which this Court may have subject-matter jurisdiction, but denies that it engaged in any conduct violative of the statutes, laws, regulations, rules or public policy of the United States of America or the State of New York.

4. Paragraph 4 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Pitney Bowes denies the allegations in paragraph 4 of the Complaint, except admits that Pitney Bowes conducts business from offices located in this district and that venue is proper.

## PARTIES

5. Pitney Bowes denies the allegations in paragraph 5 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 relating to allegedly "similarly situated co-workers," and admits that Plaintiffs were employed by Pitney Bowes in New York.

6. Paragraph 6 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Pitney Bowes denies the allegations in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Pitney Bowes denies the allegations in paragraph 7 of the Complaint, except denies knowledge or information sufficient to form a belief as to the meaning of the phrase "foreign corporation," and admits that, *inter alia*, Pitney Bowes services business equipment such as postage machines and mailing equipment.

8. Paragraph 8 of the Complaint asserts legal declarations and conclusions to which no response is required.

9. Paragraph 9 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Pitney Bowes denies the allegations in paragraph 9 of the Complaint, except admits that Plaintiffs purport to bring this action on behalf of certain individuals who are not parties to this action. Pitney Bowes denies knowledge or information sufficient to form a belief that other persons are joining or intend to join this action and as to the allegations relating to allegedly "similarly situated" current and former employees of Pitney Bowes.

## CLASS ALLEGATIONS

10. Paragraph 10 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Pitney Bowes denies the allegations in paragraph 10 of the Complaint, except admits that Plaintiffs purport to bring an action pursuant to Fed. R. Civ. P. 23 on behalf of certain individuals who are not parties to this action. Pitney Bowes avers that a class action pursuant to Fed. R. Civ. P. 23 is not appropriate in this case.

11. Paragraph 11 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Pitney Bowes denies the allegations in paragraph 11 of the Complaint, except admits that Plaintiffs purport to bring an action on behalf of certain individuals who are not parties to this action.

12. Pitney Bowes denies the allegations in paragraph 12 of the Complaint.

13. Pitney Bowes denies the allegations in paragraph 13 of the Complaint.

14. Pitney Bowes denies the allegations in paragraph 14 of the Complaint, including each of its subparts, a through b.

## FACTS

15. Pitney Bowes admits the allegations in paragraph 15 of the Complaint.

16. Pitney Bowes denies the allegations in paragraph 16 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations relating to allegedly "similarly situated co-workers."

17. Pitney Bowes denies the allegations in paragraph 17 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations relating to allegedly "similarly situated co-workers."

18. Pitney Bowes denies the allegations in paragraph 18 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Pitney Bowes reasserts its responses to paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. Pitney Bowes denies the allegations in paragraph 20 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations relating to allegedly "similarly situated co-workers."

21. Pitney Bowes denies the allegations in paragraph 21 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

22. Pitney Bowes reasserts its responses to paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Pitney Bowes denies the allegations in paragraph 23 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

24. Pitney Bowes reasserts its responses to paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. Pitney Bowes denies the allegations in paragraph 25 of the Complaint.

NY1 26488253.1

## AS AND FOR A FOURTH CAUSE OF ACTION

26.     Pitney Bowes reasserts its responses to paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27.     Pitney Bowes denies the allegations in paragraph 27 of the Complaint.

## PRAYER FOR RELIEF

28.     Pitney Bowes denies that Plaintiffs or any of the putative class members are entitled to any of the relief sought in the WHEREFORE clause, or otherwise.

## DEMAND FOR TRIAL BY JURY

29.     Pitney Bowes denies that Plaintiffs or any of the putative class members are entitled to a trial by jury to the extent that the laws under which they seek to pursue their claims do not permit such trial by jury.

30.     Unless and to the extent expressly admitted herein, Pitney Bowes denies each and every allegation in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Pitney Bowes asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.  Pitney Bowes further avers that Plaintiffs' claims are so vague as to render it impossible to identify every possible affirmative or other defenses, and thus expressly reserves its right to assert additional defenses should the precise nature of Plaintiffs' claims become clear.

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted, either on their own behalf or on behalf of those persons who they purports to represent, or to whom they purportedly are similarly situated.

## SECOND DEFENSE

This case may not be maintained as a collective action because the named Plaintiffs are not similarly situated to or otherwise adequate representatives for the persons whom they purport to represent and, thus, they cannot establish the existence of each of the requirements under 29 U.S.C. § 216.  Pitney Bowes specifically maintains that Plaintiffs' pleadings fail to meet the requirements necessary to justify a collective action or issuance of notice pursuant to 29 U.S.C. § 216.

## THIRD DEFENSE

Some or all of Plaintiffs' and/or the putative class members' claims are barred in whole or in part by the applicable statute of limitations.

## FOURTH DEFENSE

Pitney Bowes at all times, and in all manner, acted in accordance with any and all duties and obligations under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and its regulations, and/or applicable state law and regulations, if any.

## FIFTH DEFENSE

Subject to proof through discovery, some or all of the claims asserted by Plaintiffs and/or the putative class members, are barred in whole or in part by the doctrine of after-acquired evidence and/or unclean hands.

## SIXTH DEFENSE

Subject to proof through discovery, some or all of Plaintiffs' and/or the putative class members' claims are barred in whole or in part by the doctrine of estoppel, quasi-estoppel, and/or equitable estoppel.

**SEVENTH DEFENSE**

Subject to proof through discovery, some or all of Plaintiffs' and/or putative class members' claims are barred by the doctrine of laches and/or waiver.

**EIGHTH DEFENSE**

Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and thus the instant action cannot be maintained as a class action.

**NINTH DEFENSE**

Plaintiffs and/or the putative class members lack standing or are otherwise not entitled to bring, maintain, or participate in a class or collective action under the FLSA or under Rule 23 of the Federal Rules of Civil Procedure.

**TENTH DEFENSE**

Plaintiffs' Rule 23 allegations should be stricken and they cannot pursue their state law claims as a class action because they are so vague and imprecise that no ascertainable class is present.

**ELEVENTH DEFENSE**

Subject to proof through discovery, some or all of the putative class members may be exempt from overtime pay as executive, administrative, or professional employees, or otherwise.

**TWELFTH DEFENSE**

Subject to proof through discovery, some or all of the putative class members may be exempt from overtime pay pursuant to the Motor Carrier Exemption under the FLSA, 29 U.S.C. § 213(b)(1) and applicable law and regulations.

**THIRTEENTH DEFENSE**

Pitney Bowes, in the alternative if necessary, states that part or all of any time Plaintiffs allege should be paid to them and/or to allegedly similarly situated employees is properly preliminary or postliminary time under the Portal-to-Portal Pay Act, 29 U.S.C. § 254(a), and therefore not compensable.

**FOURTEENTH DEFENSE**

Pitney Bowes states, in the alternative if necessary, that if, in fact, it has failed to pay any nonexempt employee for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

**FIFTEENTH DEFENSE**

Pitney Bowes states, in the alternative if necessary, even if it in fact failed to pay unidentified individuals for any of the activities alleged in Plaintiffs' Complaint, such activities do not constitute compensable work under the FLSA, and/or applicable state law and, furthermore, such alleged activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable.

**SIXTEENTH DEFENSE**

Pitney Bowes states, in the alternative if necessary, that its actions with respect to Plaintiffs and any similarly situated workers, and/or putative class members were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259, and/or applicable state law.

NY1 26488253.1

**SEVENTEENTH DEFENSE**

Pitney Bowes states, in the alternative if necessary, that its actions with respect to Plaintiffs and any other similarly situated workers, and/or putative class members, were taken in good faith with reasonable grounds to believe such conduct comported with the FLSA or interpretations of the FLSA pursuant to 29 U.S.C. § 260, and/or applicable state law.

**EIGHTEENTH DEFENSE**

Plaintiffs and/or the putative class members have received full payment for all work performed thereby barring Plaintiffs' and/or purported class members' claims.

**NINETEENTH DEFENSE**

Pitney Bowes states, in the alternative if necessary, that if this action is conditionally certified and includes unidentified individuals who have been paid a salary, Pitney Bowes is entitled to a set-off with respect to every such individual for monies paid in salary for any hours when the Plaintiffs and/or any putative class members were not working, and for monies paid pursuant to the window of correction in 29 C.F.R. § 541.118(a)(6).

**TWENTIETH DEFENSE**

Plaintiffs' and/or the putative class members' claims are barred in whole or in part because no contract exists, whether express, implied or quasi, or whether written or oral, because of a lack of mutual assent and/or consideration.

**TWENTY-FIRST DEFENSE**

Plaintiffs' and/or the putative class members' claims are barred in whole or in part because, even assuming, *arguendo*, the existence of a contract, Pitney Bowes met all of its contractual obligations.

NY1 26488253.1

**TWENTY-SECOND DEFENSE**

Plaintiffs' and/or the putative class members' claims are barred in whole or in part because, even assuming, *arguendo*, the existence of a contract, any alleged breach and/or damages were caused by Plaintiffs' and/or the putative class members' conduct, or is not otherwise attributable to Pitney Bowes.

**TWENTY-THIRD DEFENSE**

Subject to proof through discovery, Plaintiffs and/or the putative class members have failed to mitigate their damages.

**TWENTY-FOURTH DEFENSE**

Subject to proof through discovery some or all of the claims purported to be brought in this action are barred by the doctrine of accord and satisfaction.

**TWENTY-FIFTH DEFENSE**

To the extent permitted by law, Pitney Bowes seeks recovery of reasonable and necessary attorneys' fees and costs.

**TWENTY-SIXTH DEFENSE**

Plaintiffs have failed to state a claim upon which the Court should invoke supplemental jurisdiction.

**TWENTY-SEVENTH DEFENSE**

Some or all of Plaintiffs' and/or the putative class members' claims are preempted, in whole or in part.

**TWENTY-EIGHTH DEFENSE**

Some or all of Plaintiffs' claims for relief under New York law fail because New York law does not provide for a private right of action to recover unpaid overtime.

**TWENTY-NINTH DEFENSE**

Some or all of Plaintiffs' claims for class action relief under New York law fail because New York law prohibits class causes of action for relief that include invocation of penalties or liquidated damages against a defendant.

**THIRTIETH DEFENSE**

If Plaintiffs have sustained any damages or if any putative members of any purported class defined in the Complaint have sustained any damages, although such is not admitted hereby or herein and is specifically denied, Pitney Bowes is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs or putative class members owed to Pitney Bowes against any judgment that may be entered against Pitney Bowes.

**THIRTY-FIRST DEFENSE**

Some or all of the regulations under which Plaintiffs claim relief are unconstitutional.

**THIRTY-SECOND DEFENSE**

Pitney Bowes asserts all affirmative and other defenses available to it under each of the state laws and precedent referenced in the Complaint.

**WHEREFORE**, Pitney Bowes demands judgment against Plaintiffs in its favor:

(a)   denying Plaintiffs' prayer to certify this case as a class action;

(b)   dismissing the Complaint against Pitney Bowes on the merits with prejudice and in its entirety;

(c)   awarding Pitney Bowes its costs and disbursements, including reasonable attorneys' fees incurred in this action; and

(d)     granting Pitney Bowes such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: New York, New York<br>November 5, 2007 | SEYFARTH SHAW LLP<br><br>By:   s/ Lorie E. Almon<br>         Lorie E. Almon (LA-4937)<br>         Peter A. Walker (PW-7984)<br>         Christopher Lowe (CL-0218)<br>620 Eighth Avenue, 32nd Floor<br>New York, New York  10018-1405<br>Tel.: (212) 218-5500<br>Fax: (212) 218-5526<br><br>*Attorneys for Defendant*<br>*Pitney Bowes, Inc.* |

NY1 26488253.1