ROBERT D. LIPMAN, ESQ. (RL-3564)
DAVID A. ROBINS, ESQ. (DR-5558)
LISA R. LIPMAN, ESQ. (LL-6284)
LIPMAN & PLESUR, LLP
500 North Broadway, Ste. 105
Jericho, New York 11753
Tel.: (516) 931-0050
Fax: (516) 931-0030
lipman@lipmanPlesur.com

*Attorneys for Plaintiffs*

LORIE E. ALMON, ESQ. (LA-4937)
PETER A. WALKER, ESQ. (PW-7984)
CHRISTOPHER H. LOWE, ESQ. (CL-0218)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
Tel.: (212) 218-5500
Fax: (212) 218-5526
lalmon@seyfarth.com

*Attorneys for Defendant Pitney Bowes Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED MAR 3 2008 CHAMBERS OF RICHARD J. HOLWELL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/08

---

FAY PANG, BRENT SINGLE and RANDY
WEBSTER, Individually, On Behalf of All Others
Similarly Situated and as Class Representatives,

        Plaintiffs,

-against-

PITNEY BOWES, INC.,

        Defendant.

: **ECF Case**
:
: CIVIL ACTION NO.: 07-CV-8557 (RJH)

---

## AGREED PROTECTIVE ORDER AND STIPULATED AGREEMENT

NY1 26502172.2

Pursuant to Fed. R. Civ. P. 26(c), Defendant Pitney Bowes Inc. ("Defendant"), by its undersigned counsel and Plaintiffs Fay Pang, Brent Single and Randy Webster, individually, on behalf of all others similarly situated, and as Class representatives, (collectively, "Plaintiffs") (collectively, the "Parties"), request the entry of an Agreed Protective Order and Stipulated Agreement with respect to certain documents and information that will be produced by the Parties regarding the proceedings herein. The Court, being fully advised of the circumstances, and for good cause shown, hereby ORDERS AS FOLLOWS:

1.      Subject to the following conditions and restrictions, a party may designate any document and/or information provided in discovery as "CONFIDENTIAL" by clearly and conspicuously marking it with the word "CONFIDENTIAL," or in the case of deposition or hearing testimony, indicating on the record that some or all of the testimony is "CONFIDENTIAL," or as otherwise specified in this Order. Any "CONFIDENTIAL" material, and the information contained therein, shall not be used except for purposes of the above-captioned litigation and any appeals thereof.

2.      For purposes of this Order, "CONFIDENTIAL" material means all non-public documents or information relating to the conduct of Defendant's businesses of a sensitive, confidential, and/or proprietary nature, including operational details, information relating to Defendant's finances, business practices and strategy, trade secrets, etc. "CONFIDENTIAL" material also includes personnel and compensation information regarding current and/or former employees of Defendant who may or may not be a party to this lawsuit.

3.      This Order is necessary to protect Defendant's proprietary business information and Plaintiffs' personal information.

2

4.    No discovery document or information shall be designated as "CONFIDENTIAL" without counsel's good-faith belief that the information subject to the confidentiality designation meets the requirements for protection under the governing rules and precedents.

5.    Any confidentiality designation of discovery materials can be challenged at any time by means of a letter or an on-the-record oral statement at a deposition or hearing. Any challenge must be based on counsel's good-faith belief that the information subject to the confidentiality designation does not meet the requirements for protection under the governing rules and precedents.

6.    In the event the Recipient disputes the Designating Party's designation of individual documents or a category of documents or information or deposition testimony as "CONFIDENTIAL," the Recipient may serve the Designating Party with a written notice of objection to that effect as soon as practicable after receipt of the confidential document, and at least ten (10) days before making any motion as set forth below. If the Designating Party wishes to maintain confidential treatment for any or all of the confidential documents that are the subject of the notice of objection, the Designating Party must so notify the Recipient as soon as practicable after the receipt of the notice of objection. In the event the Designating Party notifies the Recipient that it wishes to maintain the confidential treatment of such material, and subsequent negotiations between the parties fail to resolve their disagreement, the Recipient may seek an Order from the Court exempting such "CONFIDENTIAL" material from confidential treatment under the terms of this Order. During the pendency of such dispute or application, and until the Court may rule otherwise, the information designated "CONFIDENTIAL" shall remain subject to the designations and restrictions of this Order.

3

7.    "CONFIDENTIAL" material and information shall be maintained in confidence and not disclosed by the Recipient to any entity or person except:

(a)    the Court including, any Court of Appeals;

(b)    counsel to the Parties in this litigation, and the legal associates, clerical staff, litigation supports Vendors or other support staff who are employed or engaged by such counsel;

(c)    Parties to this litigation who have first consented in writing, by executing Exhibit "A" attached hereto, to be bound by this Order, including the obligation to not disclose such "CONFIDENTIAL" material to any person or entity other than those listed in this paragraph;

(d)    court reporters and videographers who record depositions or other testimony in this litigation;

(e)    experts retained by the Parties or their counsel for the purpose of assisting in the prosecution or defense of this litigation who have first consented in writing, by executing Exhibit "A" attached hereto, to be bound by this Order, including the obligation to not disclose such "CONFIDENTIAL" material to any person or entity other than those listed in this paragraph; and

(f)    fact witnesses or potential fact witnesses who have first consented in writing, by executing Exhibit "A" attached hereto, to be bound by this Order, including the obligation to not disclose such "CONFIDENTIAL" material to any person or entity other than those listed in this paragraph.

8.    The restrictions set forth in this Order shall not apply to:

NY1 265021722

(a)    information that was, is, or becomes public knowledge through its authorized release by a person or entity that rightfully obtains and possesses such information, and not in violation of this Order; and/or

(b)    each party with respect to its own information or information received or created during the normal course of its own business.

The Parties reserve the right to seek protection, pursuant to this Order, of any information or documents that have become public that any party maintains should be classified as "CONFIDENTIAL" subject to the designations and restrictions of this Order. The party claiming confidentiality may seek protection of that information in accordance with paragraphs (1), (2), and (10) of this Order. The Parties shall confer to determine whether the restrictions sought are warranted with respect to such disputed information in order to settle such dispute without judicial intervention. If the Parties are unable to resolve the dispute as outlined above, the information shall be classified as "CONFIDENTIAL" for a period of ten days during which time the party claiming confidentiality may apply to the Court for an appropriate determination. During the pendency of such dispute or application, and until the Court may rule otherwise, the information shall be classified as "CONFIDENTIAL." If a party fails to apply to the Court for an appropriate determination within the ten day period referenced above, the information shall no longer be classified as "CONFIDENTIAL," but the party shall retain the right to apply to the Court for an appropriate determination.

9.    The entry of this Order is without prejudice to any party's right to seek to modify or eliminate any restriction on any document and/or information designated "CONFIDENTIAL" by the opposing party, or otherwise bring any motion or request before the Court. The Parties may stipulate to reversing any restrictions placed on any documents and/or information in this

5

Order without further Court order. Nothing in this paragraph shall be deemed to affect the Parties' respective burdens of proof under the governing law.

10.    The foregoing is without prejudice to the right of any party to:

(a)    apply to the Court for a further order relating to any information covered by this Order;

(b)    object to the production of documents and/or information it considers not subject to discovery;

(c)    assert claims of privilege or other doctrines which permit complete withholding of otherwise discoverable documents and/or information; or

(d)    apply to the Court for an order modifying or eliminating any restriction authorized by this Order.

11.    In the case of deposition or hearing testimony, a party, person or entity wishing to designate testimony as "CONFIDENTIAL" may so designate it on the record in connection with the specific testimony to be given, or within fifteen (15) days after the Designating Party, person, or entity, or his or its counsel, receives the written or electronic transcript thereof.

12.    To the extent that information is produced in a form rendering it impractical to label (including but not limited to electronically stored information produced on electronic or magnetic media), the Producing Party may designate information as "CONFIDENTIAL," by cover letter referring generally to such matter or by affixing to such media a label containing the appropriate legend. Whenever a Receiving Party reduces electronically stored information designated as "Confidential" to hard-copy form, the Receiving Party shall mark such hard-copy form with the legend provided for in paragraph 1 above. Whenever any Confidential Electronic

6

Information or Computerized Material is copied into another form, the Receiving Party shall also mark those forms with the legend provided for in paragraph 1 above.

13.     To the extent that any Receiving Party or counsel for the Receiving Party creates, develops, or otherwise establishes on any electronic system information designated "Confidential," that party and/or its counsel must take all necessary steps to insure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and will affix to any media containing such information a label with the legend as provided for in paragraph 1 above.

14.     A Producing Party that fails to designate discovery material as "Confidential" at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

15.     A Producing Party that produces any document or other information during discovery in this Litigation that the Producing Party claims is otherwise privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such production, request the return of such document or information. Upon receipt of a written request for return by the Producing Party, the Receiving Party shall return the original and all copies of the documents within five (5) business days of the request, and shall otherwise comply with Fed.R.Civ.P. 26(b)(5)(B).

16.     The production of information in discovery that is subject to a claim of privilege or of protection as trial-preparation material shall not be deemed and shall not serve as a basis for claiming a waiver of the privilege or doctrine protecting such information. It is the understanding of the parties that this Agreement shall constitute an express reservation of any party's claim of privilege or application of doctrine with respect to information produced.

17.     Documents and/or information obtained by the Parties in discovery in this litigation shall be used solely for the prosecution or defense of the claims in this litigation and shall not be used in any other legal action or otherwise. Within three years of the conclusion of the litigation, including any appeals thereof, all such documents shall be returned to the Designating Party and/or destroyed. In the event a party possessing confidential documents should opt to destroy instead of return confidential documents, said party shall provide the Designating Party with a Certification that the documents, information and all copies at issue have been destroyed; provided that, with respect to electronically stored information, a party need only certify the deletion of such information.

18.     The Order shall be subject to modification by a judge or magistrate judge at any time. The parties rights and obligations herein shall survive this Order, and a party may move

before the undersigned judge to enforce said rights, including during the three year retention

period set forth in paragraph 17 above.

Dated: New York, New York
    February 2✗, 2008

Respectfully submitted,

LIPMAN & PLESUR, LLP

By:

    Robert D. Lipman, Esq. (RL-3564)
    David A. Robins, Esq. (DR-5558)
    Lisa R. Lipman, Esq. (LL-6284)
500 North Broadway, Ste. 105
Jericho, New York  11753
Tel.: (516) 931-0050
Fax: (516) 931-0030
lipman@lipmanPlesur.com

*Attorneys for Plaintiffs*

SEYFARTH SHAW LLP

By:

    Lorie E. Almon, Esq. (LA-4937)
    Peter A. Walker, Esq. (PW-7984)
    Christopher H. Lowe, Esq. (CL-0218)
620 Eighth Avenue, 32nd Floor
New York, New York  10018-1405
Tel.: (212) 218-5500
Fax: (212) 218-5526
lalmon@seyfarth.com

*Attorneys for Defendant Pitney Bowes Inc.*

**SO ORDERED:**

Dated: New York, New York
    ~~February~~ _____, 2008
    March 12

The Honorable Richard J. Holwell
United States District Judge

9