ROBERT D. LIPMAN, ESQ. (RL-3564)
DAVID A. ROBINS, ESQ. (DR-5558)
LISA R. LIPMAN, ESQ. (LL-6284)
LIPMAN & PLESUR, LLP
500 North Broadway, Ste. 105
Jericho, New York 11753
Tel.: (516) 931-0050
Fax: (516) 931-0030

*Attorneys for Plaintiffs*

LORIE E. ALMON, ESQ. (LA-4937)
PETER A. WALKER, ESQ. (PW-7984)
CHRISTOPHER H. LOWE, ESQ. (CL-0218)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
Tel.: (212) 218-5500
Fax: (212) 218-5526

*Attorneys for Defendant Pitney Bowes Inc.*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAY PANG, BRENT SINGLE and RANDY WEBSTER, Individually, On Behalf of All Others Similarly Situated and as Class Representatives, | : ECF Case<br>:<br>: CIVIL ACTION NO.: 07-CV-8557 (RJH) |
| Plaintiffs, | |
| -against- | |
| PITNEY BOWES, INC., | |
| Defendant. | |

## AGREED AMENDED SCHEDULING ORDER

Pursuant to the Court's November 30, 2007 Initial Scheduling Notice and Order, and the Court's rules governing requests for extensions of time, Plaintiffs Fay Pang, Brent Single, and Randy Webster (collectively, "Plaintiffs") and Defendant Pitney Bowes Inc. ("Defendant" or

NY1 26523454.1

"Pitney Bowes"), having conferred in accordance with Fed. R. Civ. P. 26, respectfully submit their proposed Agreed Amended Scheduling Order for the Court's approval.

I.     Description Of The Case

    A.     Attorneys Of Record For Each Party, Including Lead Trial Attorney

| | |
|---|---|
| Robert D. Lipman, Esq. (RL-3564) | Lorie E. Almon, Esq. (LA-4937) |
| (Lead Trial Attorney) | (Lead Trial Attorney) |
| David A. Robins, Esq. (DR-5558) | Peter A. Walker, Esq. (PW-7984) |
| Lisa R. Lipman, Esq. (LL-6284) | Christopher H. Lowe, Esq. (CL-0218) |
| Lipman & Plesur, LLP | Seyfarth Shaw LLP |
| 500 North Broadway, Ste. 105 | 620 Eighth Avenue |
| Jericho, New York 11753 | New York, New York 10018-1405 |
| Tel.: (516) 931-0050 | Tel.: (212) 218-5500 |
| Fax: (516) 931-0030 | Fax: (212) 218-5526 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant Pitney Bowes Inc.* |

    B.     Basis For Federal Jurisdiction

The parties agree that the Court has federal subject-matter jurisdiction over Plaintiffs' federal claims pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and 28 U.S.C. § 1367. As set forth below, Pitney Bowes reserves the right to assert that Plaintiffs' supplemental state-law class claims under Rule 23 of the Fed. R. Civ. P. are not properly before this Court.

    C.     Description Of Claims Asserted In The Complaint And Any Counterclaims

In their Complaint, Plaintiffs complain on behalf of themselves and other similarly situated current and former employees of Pitney Bowes who worked in New York as Field Product Specialists, Customer Service Representatives and possibly other titles or in a similarly situated capacity in New York State (collectively, "Technicians"), that Pitney Bowes violated the

2

NY1 26523454.1

FLSA, 29 U.S.C. §§ 201 *et seq.*, the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. Title 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.*, by failing to pay them wages, including overtime premium pay, for compensable work time. Plaintiffs purport to bring a collective and putative class action on behalf of themselves and others similarly situated. In connection with the purported violations of the FLSA, Plaintiffs seek to maintain an opt-in, representative action pursuant to Section 216(b) of the FLSA. With respect to the state law claims, Plaintiffs seek to certify a class pursuant to Rule 23 of the Fed. R. Civ. P.

Pitney Bowes denies Plaintiffs' allegations in their entirety, and avers that it acted in accordance with any and all duties and obligations it had under the FLSA and New York law.

D.  Major Factual Issues

Plaintiffs claim that straight time wages and overtime premium pay was not paid for all compensable work time under the FLSA and New York state law. Defendants raise the following issues:

1. Whether Plaintiffs are similarly situated to or otherwise adequate representatives for the persons whom they purport to represent such that they can establish the requirements for a collective action under 29 U.S.C. § 216;

2. Whether Plaintiffs can satisfy the prerequisites for maintaining a class action under Rule 23 of the Fed. R. Civ. P.;

3. Whether the New York State legislature has provided for a private right of

3

NY1 26523454.1

action for overtime claims under New York State law; and

4. Whether both an opt-in collective action under Section 216(b) and an opt-out class action under Rule 23 of FRCP can be maintained in the same action.

E. Description Of Relief Sought

In the Complaint, Plaintiffs seek the following relief:

a) Certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b) Declare Defendant's conduct complained of in the Complaint to be in violation of the Plaintiffs and the putative class's rights as secured by the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 and the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.* and the New York Labor Law §§190 *et seq.*

c) Direct Defendant to compensate the Plaintiffs for all hours worked;

d) Direct Defendant to pay overtime premium pay to Plaintiffs;

e) Direct Defendant to pay Plaintiffs additional amounts as liquidated damages because of Defendant's willful failure to pay overtime pay pursuant to 29 U.S.C. § 216;

f) Award Plaintiffs pre-judgment interest; and

4

NY1 26523454.1

g) Award Plaintiffs the costs of this action together with reasonable attorneys' fees.

Defendant seeks dismissal of Plaintiffs' Complaint on the merits with prejudice in its entirety, and the award of costs and disbursements, including reasonable attorneys' fees incurred in this action.

II. Proposed Case Management Plan

    A. Pending Motions: None

    B. Cutoff date for joinder of all additional parties: February 22, 2008 (except to the extent that additional individuals opt into this action during the opt-in period, if any, approved and/or designated by the Court)

    C. Cutoff date for amendments to pleadings: February 22, 2008

    D. Schedule for Completion of Discovery and Filing of Opt-In/Class Certification Motions

        1. Last day to exchange Rule 26(a)(1) disclosures, including a description of the electronic stored information concerning the hours worked by Plaintiffs, including, but not limited to, the electronically stored information concerning the handheld devices used by Technicians, as well as a description of how that electronically stored information is synchronized to time records, if at all, and various formats in which such electronically stored information may be produced: January 11, 2008;

5

NY1 26523454.1

2. The parties to serve their First Request for Production of Documents, First Set of Interrogatories, and First Deposition Notices: January 18, 2008.

3. Plaintiffs will file any motion concerning class certification under Fed. R. Civ. P. 23 no earlier than March 14, 2008[1].

4. Opposition papers to any motion(s) concerning certification and/or notice to any class under Fed. R. Civ. P. 23 and/or 29 U.S.C. § 216(b) are to be filed within four (4) weeks of the filing of any opt-in and/or class certification motions.

5. Reply papers in further support of any motion(s) concerning certification and/or notice to any class under Fed. R. Civ. P. 23 and/or 29 U.S.C. § 216(b) are to be filed within two (2) weeks of the filing of papers in opposition.

6. Fact discovery to be completed by October 6, 2008[2];

7. All expert discovery to be completed by August 1, 2008, as follows:

   a) Plaintiffs to designate any experts and identify the subject matter to which they are expected to testify by April 18, 2008;

   b) Plaintiffs to serve expert reports by May 16, 2008;

   c) Defendant to designate any experts and identify the subject matter to which they are expected to testify by June 6, 2008; and

   d) Defendant to serve expert reports by July 18, 2008.

---

[1] This Scheduling Order may not be construed to limit the parties' rights to make a motion to strike and/or dismiss any claims or defenses.

[2] Nothing contained herein shall be deemed a waiver of, or limitation on the parties' rights to object to any discovery demands, including, without limitation, any discovery demand seeking class-wide discovery prior to class certification and/or approval of notice, if any.

6

    E.    Dates for filing of dispositive motions

        1.    Dispositive motions are to be filed on or before <u>November 7, 2008</u>;

        2.    Opposition papers to any dispositive motions are to be filed on or before <u>December 5, 2008</u>; and

        3.    Reply papers in further support of dispositive motions are to be filed on or before <u>December 22, 2008</u>.

    F.    Date for filing of final pretrial order. <u>November 7, 2008</u>

    G.    Trial schedule

        1.    Plaintiffs demand a trial by jury. If there is to be a trial, Defendant does not dispute that this matter should be tried by one;

        2.    It is premature for the parties to anticipate the probable length of trial without a determination of the number of plaintiffs included in this action; and

        3.    Date when case will be ready for trial: one month from the Court's decisions on any dispositive and class certification motions, whichever is later.

III.    Consent to Proceed Before a Magistrate Judge

The parties do not consent to this case proceeding before a Magistrate Judge.

7

IV.  Status of Settlement Discussions

The Parties are scheduled for a mediation with Deborah Haude, Esq. from JAMS on September 4, 2008

Dated: New York, New York
July 30, 2008

V. A status conference shall be held on 10/17/08 at 10:30 am.

Respectfully submitted,

LIPMAN & PLESUR, LLP

By: _____
Robert D. Lipman, Esq. (RL-3564)
David A. Robins, Esq. (DR-5558)
Lisa R. Lipman, Esq. (LL-6284)
500 North Broadway, Ste. 105
Jericho, New York 11753
Tel.: (516) 931-0050
Fax: (516) 931-0030

*Attorneys for Plaintiffs*

SEFARTH SHAW LLP

By: _____
Lorie E. Almon, Esq. (LA-4937)
Peter A. Walker, Esq. (PW-7984)
Christopher H. Lowe, Esq. (CL-0218)
620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
Tel.: (212) 218-5500
Fax: (212) 218-5526

*Attorneys for Defendant Pitney Bowes Inc.*

*SO ORDERED:*

Dated: New York, New York
August ____, 2008

_____
The Honorable Richard J. Holwell
United States District Judge
7/3·/08